IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DWAYNE BENNETT,                    :    CIVIL ACTION
                                   :    NO. 15-4144
        Petitioner,               :
                                   :
    v.                             :
                                   :
CYNTHIA LINK, Acting Warden,       :
et al.,                            :
                                   :
        Respondents.              :
                                   :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    November 30, 2016


        Petitioner Dwayne Bennett ("Petitioner") filed a pro

se petition (the "Petition") for a writ of habeas corpus under

28 U.S.C. § 2254, challenging the validity of his guilty plea

based on newly discovered evidence, an alleged violation of

Brady v. Maryland, 373 U.S. 83 (1963), and ineffective

assistance of trial counsel. Magistrate Judge Henry S. Perkin

recommended that the Court dismiss the petition, and Petitioner

objected. For the reasons set forth below, the Court will adopt

Judge Perkin's report and recommendation, overrule Petitioner's

objections, and deny the Petition.

I.    **BACKGROUND AND PROCEDURAL HISTORY**[1]

On August 10, 1991, Petitioner and several others robbed a University of Pennsylvania medical student at gunpoint. During the course of the robbery, Petitioner shot the victim in the head at point-blank range, killing him. Report & Recommendation ("R&R") at 1, ECF No. 18, at 1. On January 20, 1993, Petitioner entered a negotiated guilty plea to first-degree murder, robbery, conspiracy, and possession of an instrument of crime in exchange for the Commonwealth's agreement not to seek the death penalty. Id.

The trial court accepted Petitioner's guilty plea and, on January 20, 1993, imposed a life sentence for first-degree murder, along with lesser additional sentences totaling seventeen and a half to thirty-five years in prison for the remaining offenses. Id. at 2. Petitioner did not directly appeal his sentence, and thus his judgments of sentence became final on February 19, 1993. Id.; see also 42 Pa. Cons. Stat. Ann. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

---

[1]    The facts recounted herein were taken from Judge Perkin's Report & Recommendation ("R&R") and not objected to by Petitioner.

Pennsylvania, or at the expiration of time for seeking the review.").

Over seventeen years later, on October 8, 2010, Petitioner filed a pro se petition for collateral review under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546. See id. The court appointed counsel for Petitioner, and this newly appointed counsel filed an amended PCRA petition on January 23, 2012. Id. In the amended PCRA petition, Petitioner claimed that he had learned on August 10, 2010, through one of his co-conspirators, Giovanni Reid, that the Commonwealth had made payments toward the living expenses of three eyewitnesses to the crime during their participation in a witness protection program prior to the preliminary hearing in Reid's case. Id.

The Commonwealth opposed the amended PCRA petition on grounds that it was (1) untimely filed by almost fourteen years, and (2) meritless because the PCRA court had already rejected the same claim in Reid's case twelve years earlier. Id. In response to Petitioner's claim that disclosing the payments to eyewitnesses was required under Brady v. Maryland, 373 U.S. 83 (1963), the Commonwealth argued that Brady does not require the disclosure of impeachment evidence prior to a guilty plea, and further that evidence of the payments would not have met the

3

<u>Brady</u> materiality standard even if the case had gone to trial. <u>Id.</u>

On July 24, 2012, following a hearing, the PCRA court notified Petitioner of its intent to dismiss his amended PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. <u>Id.</u> On August 24, 2012, without a hearing, the court dismissed the PCRA petition as untimely on the basis that it did not fall within any of the exceptions to the timeliness requirements. <u>Id.</u> at 2-3. Petitioner appealed, and the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition on February 20, 2014. <u>Id.</u> at 3.

On or about July 16, 2015, Petitioner signed the instant pro se Petition, which was docketed by the Clerk of Court on July 28, 2015. ECF No. 1. Petitioner challenges the validity of his guilty plea based on unidentified newly discovered evidence[2] and an alleged <u>Brady</u> violation. <u>See</u> <u>id.</u> He also argues that his trial counsel was ineffective for permitting him to enter an unknowing and unintelligent guilty plea due to a defective colloquy with the trial court. <u>See</u> <u>id.</u>

---

[2]     Petitioner states only that "the District Attorney's Office . . . withheld material evidence in his case relating to various cash payments and other benefits that were given to their witnesses." Petition for Writ of Habeas Corpus, ECF No. 1, at 8. Petitioner does not identify exactly what this evidence is, presumably because "[t]he evidence in question was never disclosed to Petitioner prior to or after his guilty plea proceeding." <u>Id.</u>

at 10. Finally, Petitioner asserts his innocence and contends that any procedural default or bar or expiration of the statute of limitations should be excused pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012), or McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). See id. at 12.

On November 17, 2015, this Court referred the case to Judge Perkin for a report and recommendation. See ECF No. 5. On May 20, 2016, the Commonwealth responded to the Petition, arguing that the Petition is time-barred and equitable tolling should not apply. See ECF No. 16. On May 26, 2016, Judge Perkin filed his report and recommendation, recommending ultimately that the Petition be denied with prejudice and dismissed without an evidentiary hearing.

On June 16, 2016, this Court approved and adopted Judge Perkin's report and recommendation and denied and dismissed the Petition with prejudice and without an evidentiary hearing. ECF No. 21. The Court further ordered that a certificate of appealability should not issue and directed the Clerk of Court to mark the case closed. Id. The next day, however, Petitioner filed objections to the report and recommendation.[3] ECF No. 22. Acknowledging that the Court's order dated June 17, 2016, may have crossed paths in the mail with

---

[3]       Though not filed until June 17, 2016, Petitioner's objections are dated June 13, 2016.

Petitioner's objections, the Court entered an order on July 6, 2016, vacating its previous order dated June 16, 2016 (ECF No. 21), reinstating the Petition, and directing the Clerk of Court to reopen the case. ECF No. 23.

## II.  LEGAL STANDARDS

On habeas review, a federal court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). In conducting this review, the federal court should bear in mind that "[a] habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously." Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010); see also U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.").

A court may refer an application for a writ of habeas corpus to a United States magistrate judge for a report and recommendation. See Rules Governing § 2254 Cases, R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). A

prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. R. 72.1(IV)(b). The court then "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Ultimately, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A court is not required to review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (emphasis added) (internal quotation marks omitted)).

A.   Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instituted a one-year limitation period to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d)(1). This period runs from the latest of the following:

(A)   the date on which the judgment became final by
      the conclusion of direct review or the expiration
      of the time for seeking such review;

(B)   the date on which the impediment to filing an
      application created by State action in violation
      of the Constitution or laws of the United States
      is removed, if the applicant was prevented from
      filing by such State action;

(C)   the date on which the constitutional right
      asserted was initially recognized by the Supreme
      Court, if the right has been newly recognized by
      the Supreme Court and made retroactively
      applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the
      claim or claims presented could be discovered
      through the exercise of due diligence.

Id. Because AEDPA was not signed into law until April 24, 1996,

the Third Circuit has held that "habeas petitions filed on or

before April 23, 1997, may not be dismissed for failure to

comply with § 2244(d)(1)'s time limit." Burns v. Morton, 134

F.3d 109, 111 (3d Cir. 1998). This means that if direct review

of a prisoner's criminal conviction ended prior to AEDPA's

effective date, then the prisoner had at least one year from

April 24, 1996 (i.e., until April 23, 1997), to timely file a

habeas petition. See id.

AEDPA allows for statutory tolling of the one-year

limitation period while other collateral review is pending. See

28 U.S.C. § 2244(d)(2). In addition, courts have permitted

equitable tolling under certain circumstances. "Generally, a

litigant seeking equitable tolling bears the burden of

8

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In this Circuit, equitable tolling may be permitted under any of the following three circumstances: "if (1) the [Respondent] has actively misled the [Petitioner], (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Id.

Additionally, federal courts have "equitable authority . . . to overcome expiration of the statute of limitations governing a first federal habeas petition" by "invok[ing] the miscarriage of justice exception." McQuiggin v. Perkins, 133 S. Ct. 1924, 1934 (2013). Under the miscarriage of justice exception, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ([including] ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." Id. at 1931; see also Herrera v. Collins, 506 U.S. 390, 404

9

(1993) ("[A] petitioner otherwise subject to defenses of abusive or successive use of the writ may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence."). A credible showing of actual innocence requires "clear and convincing evidence that but for constitutional error at [a petitioner']s sentencing hearing, no reasonable juror would have found him eligible for the death penalty under [applicable state] law." <u>Sawyer v. Whitley</u>, 505 U.S. 333, 350 (1992).

## III. DISCUSSION

Judge Perkin recommended that the Petition be denied because it is time-barred and cannot be rendered timely by either statutory or equitable tolling. The Court agrees. Petitioner's judgment became final on February 19, 1993, which was thirty days after his sentencing and thus his deadline to file a direct appeal to the Pennsylvania Superior Court. Because this date fell before the enactment of the AEDPA, Petitioner had until April 23, 1997, to file a federal habeas petition. Instead, Petitioner waited until July 16, 2015 to file his Petition, thereby rendering the Petition over eighteen years late.[4] We agree with Judge Perkin that no alternate date under 28

---

[4] July 16, 2015 is the date on which Petitioner signed the Petition. The Clerk of Court did not docket the Petition until July 28, 2015. <u>See</u> ECF No. 1.

U.S.C. § 2244(d)(1) applies, and Petitioner is not entitled to statutory or equitable tolling because Petitioner "fails to allege that some extraordinary circumstance prevented him from asserting his rights in a timely habeas corpus petition and fails to demonstrate that he exercised reasonable diligence in investigating and bringing his claims." R&R at 9.

Petitioner objects to Judge Perkin's recommendation on the basis that Judge Perkin "erred in failing to correctly apply Martinez v. Ryan and McQuiggin v. Perkins as a means to overcome any questions about the timeliness of this federal action." Objs. at 3. He argues that his untimeliness should be excused pursuant to Martinez because his trial counsel rendered ineffective assistance "by agreeing and allowing the trial court to set forth a facially defective colloquy," and further by "allowing the entry of a guilty plea without first being assured that [Petitioner] had a complete understanding of the law in relationship to the facts of the case." Id. at 4. Petitioner also invokes McQuiggin as a means for overcoming untimeliness, claiming that "prior to pleading guilty, the [Government's] withheld evidence . . . establish[ed] that witnesses were provided with benefits to ensure their appearance at the Preliminary Hearing for the purpose of presenting a prima facie case." Id. at 5.

Petitioner's objections largely reiterate claims from his Petition that Judge Perkin has already addressed. Judge Perkin found specifically that "Petitioner's claim of actual innocence does not serve to equitably toll the statute of limitation" under McQuiggin because Petitioner does not offer any new evidence supporting his claim of actual innocence. R&R at 9-10. He also found specifically that "Martinez . . . cannot afford Petitioner an alternate start date for the AEDPA statute of limitation because the Supreme Court in Martinez did not recognize a constitutional right to counsel in initial review collateral proceedings and did not create a freestanding constitutional claim for defendants to raise." Id. at 6.

The Court agrees with Judge Perkin that Petitioner meets neither the Martinez nor the McQuiggin standards to excuse untimeliness. Petitioner points to no new evidence supporting a claim of actual innocence under McQuiggin, nor do the circumstances of his case excuse his untimeliness under the rule announced in Martinez.[5] Further, the Court agrees with Judge Perkin that "[e]ven if Martinez could be viewed as providing an

---

[5]     The Supreme Court held in Martinez that a habeas petitioner may overcome a procedural default if the petitioner had no counsel or ineffective counsel in an initial-review collateral proceeding, provided that this initial-review collateral proceeding was the first designated opportunity for the petitioner to raise his ineffective-assistance claim. See Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012).

alternate state date for the AEDPA statute of limitation, this claim would still be untimely because it would have to be brought within one year after March 20, 2012, the date that Martinez was decided." Id. at 6-7.[6]

Finally, even assuming that the factual predicate of Petitioner's alleged Brady violation claim was not discoverable through the exercise of due diligence until August 1, 2010, and even assuming that this would entitle him to tolling of the period during which his PCRA petition was pending,[7] Petitioner's deadline to file a habeas petition containing this claim was December 15, 2014. The Court therefore concludes that the Petition is untimely, and the untimeliness cannot be excused.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court

---

[6]       Instead, Petitioner did not bring his claim until July 16, 2015.

[7]       It is not entirely clear from the state court record whether a final decision was ever rendered on Petitioner's pro se PCRA petition filed on October 8, 2010. This analysis assumes, however, that Petitioner would be entitled to tolling between that date and February 20, 2014, i.e., the date on which the Pennsylvania Superior Court affirmed the dismissal of his amended (and counseled) PCRA petition.

13

denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Because Petitioner has not made a substantial showing of the denial of his constitutional rights, the Court declines to issue a certificate of appealability in this case.

**V.   CONCLUSION**

For the foregoing reasons, the Court will adopt Judge Perkin's Report & Recommendation, overrule Petitioner's objections thereto, and deny the Petition for a writ of habeas corpus without an evidentiary hearing. The Court declines to grant a certificate of appealability.